UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WAHUNSENACAWAH RAOHTANEM**, <br><br> Plaintiff, <br><br> vs. <br><br> **DEBORAH SIEG**, <br><br> Defendant. | 2:19-CV-12025-TGB <br><br><br> **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

Before the Court is Plaintiff Wahunsenacawah Raohtanem's Application to Proceed *In Forma Pauperis*. ECF No. 2. Because Plaintiff indicates that he has no source of income, has no savings, and owns no property, the Court will **GRANT** Plaintiff's Application to Proceed *In Forma Pauperis*.

When a person seeks to proceed in court without prepayment of fees (*in forma pauperis*), the Court must determine whether the action is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). If so, the Court must dismiss the Complaint.

*Id.* An action is frivolous if "it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1990).

Plaintiff's Complaint alleges that Deborah Seig violated the "1796 Treaty of Tripoli: Article II," the "United Nations Declaration of the Rights of Indigenous Peoples," and the "1791 Constitution for the United States: Amendment X" by failing to hire him and terminating him because he identified himself as "White" and "Moroccan" as his race and national origin (presumptively on an application for employment). ECF No. 1. Additionally, Plaintiff states he is seeking $2,500,000 for "permanent disability" this has caused him, and that this is "in accordance with" a June 10, 2014 civil order issued by Pope Francis. *Id.* He also seeks to be removed from a "block list" for obtaining an "airport badge." *Id.*

The Tenth Amendment provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people." *See* U.S. Const. amend. X. Plaintiff does not explain how Deborah Seig violated this Amendment. Plaintiff also lists the 1796 Treaty of Tripoli as creating a second cause of action and the United Nations Declaration of the Rights of Indigenous Peoples as creating a third cause of action. But again, Plaintiff does not explain how this treaty, or this declaration, applies here. It follows, the Court is unable to conclude that it has jurisdiction over the subject matter of this case and will therefore **DISMISS**

Plaintiff's Complaint **WITHOUT PREJUDICE**. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rule of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

**IT IS SO ORDERED.**

DATED: December 30, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge